IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | CASE NO. BK07-42289-TJM |
| ) | A08-4014-TJM |
| DAVID L. SCHNUELLE and ) | |
| PAMELA S. SCHNUELLE, ) | |
| ) | CH. 12 |
| Debtor(s). ) | |
| ) | |
| SOUTHEAST NEBRASKA COOPERATIVE ) | |
| COMPANY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| DAVID & PAMELA SCHNUELLE, ) | |
| ) | |
| Defendants. ) | |
| DAVID & PAMELA SCHNUELLE, ) | |
| ) | |
| Counter-Claimants, ) | |
| ) | |
| vs. ) | |
| ) | |
| SOUTHEAST NEBRASKA COOPERATIVE ) | |
| COMPANY, ) | |
| ) | |
| Counter-Defendant. ) | |

ORDER

Hearing was held in Lincoln, Nebraska, on June 12, 2008, regarding Filing No. 9, Motion to Withdraw Answer and Leave to Otherwise Plead, filed by Counter-Defendant Southeast Nebraska Co-operative Corporation, and Filing No. 16, Resistance, filed by Counter-Claimants. Evidence and argument were presented. John C. Hahn appeared for the Debtors/Counter-Claimaints and James Luers appeared on behalf of Southeast Nebraska Co-operative Company ("Co-op").

In 2004 and 2005, the debtors entered into promissory notes with the Co-op. The notes were given in consideration for the Co-op providing agricultural inputs and harvest expenses in each year. Both notes were due on a date certain in each year and upon the due date, the debtors were unable to make complete payment.

The Co-op sued the debtors for payment on the promissory notes in the District Court of Gage County, Nebraska. In response to the petition filed by the Co-op, the debtors filed an answer and counter-claim. The counter-claim asserts that the debtors were damaged by the failure of the Co-op to properly market the crops; the failure of the Co-op to apply proper weed control products; and the failure of the Co-op to provide certain input costs including, but not limited to, seed, fertilizer, chemicals and harvesting costs for the crop year 2005.

The district court trial was scheduled to be held before a jury and apparently was ready for

trial when the underlying Chapter 12 case was filed.

In the bankruptcy case, the management of the Co-op determined that the debtors had provided to the Co-op incorrect information on a written financial statement, including assets, liabilities and cash flow. It filed this adversary proceeding requesting a determination of non-dischargeability pursuant to 11 U.S.C. § 523(a)(2)(A) and (B). In response, the debtors filed an answer and a counter-claim. The counter-claim is exactly the same as the counter-claim filed in the state district court.

The Co-op filed an answer to the counter-claim and then, when new counsel became involved, the Co-op filed a motion requesting authority to withdraw the answer and to file a motion to dismiss the counter-claim on the basis that the counter-claim is not compulsory, but is a permissive counter-claim over which this Court does not have subject matter jurisdiction.

The counter-claim filed in response to the complaint objecting to the dischargeability of the debt owed to the Co-op is not really germane to the dischargeability issue. Rather, it is in the nature of an objection to the claim of the Co-op that it should be paid on the remaining balances on the promissory notes. That position taken by the debtors in the counterclaim filed here is exactly the same as the position taken by the debtors in the state court action. Until the amount of the claim is determined, there is no need to go forward with the dischargeability action.

The issues surrounding the liability of the debtors to the Co-op, if any, are ready for a trial before a jury in the Gage County District Court. That is the appropriate venue for the determination of the amount of the claim. If the Co-op obtains a judgment in Gage County District Court for a specific amount due it, the matter in the bankruptcy court may proceed, solely on the issue of dischargeability under 11 U.S.C. § 523(a)(2)(A) and (B).

IT IS ORDERED that the motion to withdraw the answer of the Co-op to the counter-claim (Fil. #9) is granted. The motion to dismiss, which was attached to the motion to withdraw the answer, and which was argued at the hearing on June 12, 2008, is granted. The adversary proceeding, now concerning only the issue of dischargeability, is stayed, pending completion of the state court action.

IT IS FURTHER ORDERED that relief from the automatic stay is granted to both parties to proceed in the Gage County District Court to liquidate the Co-op's claim. If judgment is entered in favor of the Co-op, it may recommence the adversary proceeding. If judgment is entered in favor of the debtors, leaving nothing due the Co-op, counsel shall inform the Court and the adversary proceeding shall be closed.

DATED:     June 12, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    *James Luers            U.S. Trustee
    John C. Hahn

Movant (*) is responsible for giving notice to other parties if required by rule or statute.